IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN PEREIRA,<br><br>Plaintiff,<br><br>-against-<br><br>EASTERN RECOVERY, INC.,<br>AMERICAN RECOVERY SERVICE and<br>SANTANDER CONSUMER USA, N.A.,<br><br>Defendants. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff DAWN PEREIRA (hereinafter, "Plaintiff"), a Massachusetts resident, brings this complaint by and through the undersigned attorneys, Rights Protection Law Group, PLLC and Marcus & Zelman, against Defendant EASTERN RECOVERY, INC., AMERICAN RECOVERY SERVICE and SANTANDER CONSUMER USA, N.A. (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally repossessed her vehicle from the Plaintiff's driveway without the Plaintiff's consent, thereby violating Massachusetts General Laws 255B, § 20B.  Plaintiff also brings a claim against Eastern Recovery, Inc.. and ARS Financial Services, Inc. for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages, punitive damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff is a natural person and a resident of Hyannis, Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant Eastern Recovery, Inc., (hereinafter referred to as "Eastern"), is a repossession company, with its principal place of business in Haverhill, Massachusetts.

7. Upon information and belief, Defendant Eastern is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. Defendant Eastern is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

9. Defendant American Recovery Service, a wholly owned subsidiary of the Patrick K. Willis Company, Inc. (hereinafter referred to as "ARS"), is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Sacramento, California.

10. Upon information and belief, Defendant ARS is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

11. Defendant ARS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. Defendant Santander Bank is an American bank headquartered in Boston, Massachusetts.

13. Santander Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

## **ALLEGATIONS OF FACT**

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. The Plaintiff owns a 2007 Mercury Mountaineer, which was financed with a loan through Santander Bank.

15. The Plaintiff purchased and used the Mercury Mountaineer for her personal use and enjoyment.

16. The Santander Bank loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

17. Sometime prior to August 24, 2020, the Plaintiff fell behind on her obligations to Santander Bank.

18. As a result, Santander Bank contracted with ARS to repossess the Plaintiff's vehicle.

19. Upon information and belief, ARS does not perform any repossessions itself, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Santander Bank.

20. Upon information and belief, after being contracted by Santander Bank to repossess the Plaintiff's vehicle, ARS arranged for Eastern to carry out the actual repossession.

21. At approximately 11:15 p.m. on August 24, 2020, the Plaintiff heard a knock on her front door.

22. When the Plaintiff opened the front door, the Plaintiff saw the Defendant's tow truck in her private driveway, already hooked up to her Mercury Mountaineer.

23. Defendants' representatives then advised the Plaintiff that they were repossessing her vehicle, and that she needed to give them her key or the vehicle would be towed to a further location such as Boston or Rhode Island.

24. Defendants' representatives never once asked the Plaintiff for consent to enter upon her private property, and certainly made no such request prior to entering upon that private property and hooking up their tow truck to Plaintiff's vehicle parked in Plaintiff's driveway.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against Eastern and ARS)**

25. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

26. Plaintiff brings this Count against Defendants Eastern and ARS.

27. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

28. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

   (A)   there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

   (C)   the property is exempt by law from such dispossession or disablement.

29. At the time of the repossession, the Plaintiff's vehicle was parked on her private property – her driveway – during the time that the Defendants unlawfully repossessed her vehicle.

30. To repossess the Plaintiff's vehicle, the Defendants trespassed on the Plaintiff's private property without the Plaintiff's consent, in violation of Massachusetts General Laws 255B, § 20B's which only allows repossessions that can be accomplished without entry on

property owned by or rented to the debtor, unless the debtor consents to an entry, at the time of such entry.

31. Plaintiff never consented to the Defendants' entry upon her property to repossess his vehicle.

32. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle while it was on Plaintiff's property, and was prohibited from repossessing it.

33. Moreover, while the Plaintiff's vehicle was on the Plaintiff's property, Plaintiff's vehicle was clearly exempt from repossession or disablement.

34. As a result, the Defendants violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle on August 24, 2020.

35. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

36. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by depriving the Plaintiff of her property.

37. By reason thereof, Defendants Eastern and ARS are also liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL TRESPASSORY REPOSSESSION
### M.G.L. c. 255B, § 20B *et seq.*
### (Against All Defendants)

38. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Plaintiff brings this Count against Defendants Eastern, ARS and Santander Bank.

40. Massachusetts law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves entry onto property owned or rented by the debtor without the debtor's consent at the time of entry. M.G.L. c. 255B, § 20B.

41. On or about August 24, 2020, Eastern repossessed the vehicle on behalf of ARS and Santander Bank by entering the Plaintiff's private driveway to repossess the Plaintiff's vehicle without Plaintiff's consent or judicial authorization.

42. Failure to comply with lawful repossession procedures provided by G.L. c. 255B § 20B bars collection of any deficiency. *See,* G.L. c. 255B §§ 20B(e)(1), 22; see also Queenan, *The New Consumer Repossession Law*, 58 Mass. L. Q. 412, 417 418 (1973).

43. As a direct and proximate result of the Defendants' trespassory repossession, Plaintiff suffered damages including the loss of use of the vehicle and the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment and damage to the Plaintiff's property.

## COUNT III

### BREACH OF THE PEACE REPOSSESSION
### M.G.L. c. 106, § 9-609 *et seq.*
### (Against All Defendants)

44. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and

6

incorporates the same herein.

45. Massachusetts only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. M.G.L. c. 255B, § 20B(a), see also c. 106, § 9 609(b).

46. Defendants breached the peace when it repossessed the Plaintiff's vehicle by illegally trespassing on the Plaintiff's private property.

47. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Doucette v. Belmont Savings Bank*, 34 Mass. L. Rptr. 183 (Mass. Super. April 14, 2017). As such, Eastern's breach of the peace is imputed upon ARS and Santander Bank.

48. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiff suffered damages including damage to her property, the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

## COUNT IV

**UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE**
**M.G.L. c. 93A, § 9,** *et seq.*
**(Against All Defendants)**

49. Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

50. At all relevant times, the Defendants were engaged in trade or commerce.

51. The Defendants unfairly and deceptively directly or indirectly collected on the Plaintiff's loan with Santander Bank via non judicial repossession of the vehicle without a present right to possession and in violation of chapter 255B § 20B. M.G.L. c. 255B, § 6, 940 Code

Mass. Regs. § 7.07(18)(a), see also M.G.L. c. 93, § 49.

52. More than thirty days before this lawsuit was filed a demand letter was mailed to Santander, Eastern and ARS, setting forth Plaintiff's claim under General Laws c. 93A.

## DEMAND FOR TRIAL BY JURY

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) awarding Plaintiff her actual damages incurred;

(b) Tripling of actual damages pursuant to M.G.L. c. 93A, § 9;

(c) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 14, 2021        By: /s/ Kevin Crick
                            Kevin Crick, Esq.
                            BBO: 680950
                            Rights Protection Law Group, PLLC
                            100 Cambridge St., Suite 1400
                            Boston, MA 02114
                            Phone: (617) 340-9225
                            Fax: (888) 622-3715
                            k.crick@rightsprotect.com
                            *Attorney for Plaintiffs*

8

Case 1:21-cv-11152-IT   Document 1   Filed 07/14/21   Page 9 of 9

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice To Be Filed**